IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PETER S. BROOKS,

    Plaintiff,

  v.

WASHINGTON MUTUAL, INC., a Washington corporation, and JP MORGAN CHASE,

    Defendants.

No. C 12-00765 WHA

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO STRIKE AS MOOT AND SETTING BRIEFING SCHEDULE**

      Pro se plaintiff Peter S. Brooks initially filed a complaint in state court.  Defendant JP Morgan Chase Bank, N.A. (erroneously named as JP Morgan Chase, for itself and as the acquirer of certain assets and liabilities of Washington Mutual Bank, erroneously sued as "Washington Mutual, Inc.) removed the action to federal court on the basis of federal question and diversity jurisdiction.  Defendant responded to the complaint by filing a motion to dismiss under Rule 12(b)(6) on March 23, 2012.  Plaintiff then filed a document titled "Answer Second Amended Complaint for Restitution, Equitable Relief, Civil Penalties and Motion to Vacate Defendant Request for Demurer" (Dkt. No. 20).  To clarify whether this was intended as an amended pleading, the Court sent out an order requesting clarification on April 19, 2012.  Plaintiff's response to the Court's order failed to clarify whether Docket Number 20 was meant to be an amended pleading.  Instead, plaintiff filed the following:  (1) a notice of pendency of action; (2) a letter dated April 27, 2012, with attachment titled, "Marin Land Trust," and (3) a document titled, "Motion to Strike in Support of Complaint and in Response to Defendants Demurre [sic]."

In response to the Court's second order requesting clarification, plaintiff filed a letter stating that Docket Number 20 is intended to be an amended complaint. In light of this, the Court construes Docket Number 20 as the operative complaint. Pursuant to the April 19 order, a new motion to dismiss the amended complaint will need to be filed.

Plaintiff's "Motion to Strike" is denied (Dkt. No. 24). A motion to strike under Rule 12(f) may be brought to strike redundant or immaterial matter from a *pleading*. As defendant has not yet filed a responsive pleading, there is nothing for plaintiff to strike. To the extent that plaintiff intended the motion to be an opposition to defendants' motion to dismiss the complaint, it is moot.

Defendant's new motion under Rule 12(b), (e), or (f) must be filed by **OCTOBER 10, 2012**. Plaintiff's opposition to defendant's motion must be filed by **OCTOBER 24**. Defendant's reply in support of its motion to dismiss is due by **OCTOBER 31**. A timely-filed motion shall be set for hearing on **NOVEMBER 8**. If no motion is filed, defendant's answer is due on **OCTOBER 10**.

**IT IS SO ORDERED.**

Dated: September 19, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2