**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PETER S. BROOKS,

    Plaintiff,

  v.

WASHINGTON MUTUAL, INC., a Washington corporation, JP MORGAN CHASE, and DOES 1–200, inclusive,

    Defendants.

No. C 12-00765 WHA

**ORDER RE PLAINTIFF'S REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE**

    In reliance upon pro se plaintiff Peter Brook's representation as to his having suffered a "critical stroke TIA with temporary paralysis and temporary blindness," the Court granted his last-minute request for a continuance of the case management conference. Because it was a last-minute request, court staff telephoned defense counsel to advise of the postponement. Counsel told court staff that he had not received plaintiff's request and asked that it be read to him over the phone, which it was, in part. Counsel for defendants then said that Mr. Brooks had given him a completely different reason for the continuance, namely that Mr. Brooks' wife was having surgery on September 27 and that Mr. Brooks had to be there.

    The Court is concerned that one side or the other is not being truthful. By **OCTOBER 4, 2012**, counsel for defendants shall file a declaration under oath stating in detail what plaintiff stated to him was the reason for the continuance. By **OCTOBER 11, 2012**, plaintiff shall file a declaration under oath stating the particulars of his or his wife's medical condition upon which

he based his request for a continuance, stating the names of all medical professionals and contact information necessary to substantiate the statement. Both sides are reminded that the statements must be made under penalty of perjury, and that any perjury can lead to criminal prosecution. Because Mr. Brooks is not represented by counsel, he may wish to consult counsel for at least the limited purpose of complying with this court order.

After reviewing the submissions, the Court will decide whether or not to advance the case management conference from the date set by today's order, November 15, 2012. Evidently, in violation of the rules, plaintiff did not serve a copy of his postponement request on counsel for defendants (Dkt. No. 48). In the future, all material submitted to the Court must be served on the other side in accordance with the rules.

**IT IS SO ORDERED.**

Dated: September 27, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE