IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER S. BROOKS,<br><br>  Plaintiff,<br><br> v.<br><br>WASHINGTON MUTUAL BANK;<br>JPMORGAN CHASE BANK, N.A.;<br>and DOES 1–200, inclusive,<br><br>  Defendants.<br>                / | No. C 12-00765 WHA<br><br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS AND CLOSING FILE** |

**INTRODUCTION**

In this residential-mortgage loan dispute, defendant moves to dismiss plaintiff's first amended complaint in its entirety pursuant to Rule 12(b)(6). For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

In March 2005, pro se plaintiff Peter S. Brooks executed a promissory note to borrow $676,000 from Washington Mutual Bank (Dkt. No., 56 Exh. A). The promissory note was secured by a deed of trust for real property located in Windsor, California (*ibid*.). The deed of trust identifies plaintiff Peter Brooks and his wife, Shannon Dawson, as the "Borrower," Washington Mutual as the "Lender" and "Beneficiary," and California Reconveyance Company as "Trustee" (*ibid*.). On May 17, 2007, California Reconveyance Company, issued a notice of default indicating that plaintiff was $10,008.80 in arrears (*id*. at Exh. B). The notice of default

stated that plaintiff had not made payment on his mortgage since February 2007 (*ibid*.). Plaintiff confirms that although he still living in the home located on the property at issue, he has not made a single payment since 2007. On August 22, 2007, a notice of trustee's sale was recorded, listing the estimated unpaid balance and other charges related to the loan as $746,325.21 (*id*. at Exhs. A, C). Although additional notices of trustee's sales were recorded, to date, the property has not been sold.

Meanwhile, on September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as receiver. On the same date, JPMorgan Chase Bank, N.A., entered into a purchase-and-assumption agreement with the FDIC acting in its corporate capacity and as receiver for Washington Mutual.

In December 2011, plaintiff filed a complaint in state court. After determining defendant was not properly served, a notice of acknowledgment of receipt was completed by defendant's counsel in January 2012. Defendant timely removed this action to federal court on the basis of federal question and diversity jurisdiction and responded to the complaint by filing a motion to dismiss under Rule 12(b)(6). After filing ambiguous documents requiring the Court to twice request clarification, plaintiff finally filed a letter stating that Docket Number 20 was intended to be an amended complaint. Plaintiff's amended complaint seeks $857.5 million in damages, a moratorium on trustee sales in Sonoma County, an injunction enjoining nonjudicial foreclosure proceedings on the property, and sanctions against Chase's counsel for fraudulent pleadings (Br. 17–18). Defendant then filed the instant motion to dismiss plaintiff's amended complaint.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations of law and

unwarranted inference are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted). Rule 15(a) states that a court should freely grant leave to amend when justice so requires; however, a district court may deny leave to amend "if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Furthermore, Rule 9(b) requires that in all averments of fraud, the circumstances constituting fraud must be stated with particularity. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

### 1. STANDING.

As an initial matter, plaintiff contends that defendants lack standing pursuant to 11 U.S.C. 362(a). Section 362(a) is the automatic-stay provision of the United States Bankruptcy Code. According to plaintiff's opposition, because defendant WaMu is in bankruptcy, it has no standing to file its motion to dismiss, and accordingly "defendant parties shall be held in contempt of court for violating the automatic stay" (Opp. at 9). Contrary to plaintiff's understanding, the scope of the automatic stay is limited to actions against the *debtor* which, in this case, is the plaintiff, not defendant. As plaintiff notes, "[p]laintiff does not allege that he has filed for bankruptcy" (*ibid*.). Therefore, Section 362(a) has no bearing on this action.

### 2. REQUEST FOR JUDICIAL NOTICE.

Defendant requests that judicial notice be taken of certain documents submitted in support of its motion. FRE 201 governs judicial notice of adjudicative facts and states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Moreover, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." *Ibid*.

3

1    Defendant makes its request as to the following documents:  (1) the deed of trust
2 recorded on or about April 4, 2005, with the Sonoma County Recorder's Office as instrument
3 number 2005-044213; (2) the notice of default recorded on June 17, 2007, with the Sonoma
4 County Recorder's Office as instrument number 2007-056881; (3) the first notice of trustee's
5 sale recorded on or about August 22, 2007, with the Sonoma County Recorder's Office as
6 instrument number 2007-093473; (4) the second notice of trustee's sale recorded on or about
7 April 21, 2009, with the Sonoma County Recorder's Office as instrument number 2009-036259;
8 (5) the third notice of trustee's sale recorded on or about May 25, 2010, with the Sonoma County
9 Recorder's Office as instrument number 2010-043333; and (6) the purchase-and-assumption
10 agreement between the FDIC and JPMorgan Chase Bank, N.A., dated September 25, 2008.

11    Document number four and five do not contain adjudicative facts considered by this
12 order, so judicial notice will not be taken of them.  Therefore, defendant's request for judicial
13 notice as to these documents is **DENIED**.  Documents one, two, and three are relevant to the
14 present issue, and are also matters of public record, not subject to reasonable dispute, and
15 are capable of accurate and ready determination.  This order also takes judicial notice of
16 the purchase-and-assumption agreement because it is a document published by the federal
17 government, a matter of public record, and its accuracy "cannot reasonably be questioned."
18 *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 978 (9th Cir. 2007) (taking judicial notice of a
19 government publication).  Accordingly, defendant's request for judicial notice as to documents
20 one, two, three, and six is **GRANTED**.

21    **3.    PLAINTIFF'S COMPLAINT FAILS TO
           STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

22    Plaintiff's amended complaint alleges that during the origination of the loan, defendant
23 Chase engaged in predatory lending practices by (1) committing fraud related to the loan; and
24 (2) violating California Business and Professions Code Section 17500.  This order finds that
25 plaintiff's claims are without merit because (1) any claim based on the origination of the loan —
26 including fraud and Section 17500 violations — are not only insufficiently pled to satisfy Rules
27 8 and 9, but are also time-barred by the statute of limitations, and (2) defendant Chase is not

4

liable for claims based on the origination of plaintiff's loan with WaMu. Furthermore, this order declines to grant plaintiff's requests for preliminary injunctive relief and sanctions.

### A. Plaintiff's Claims are Insufficiently Plead and Time-Barred.

Defendant argues that plaintiff's amended complaint fails to give defendant fair notice of the claims against it. This order agrees. Plaintiff's amended complaint does not allege *any* basic facts regarding his loan, or any specific actions taken by defendant showing that plaintiff is entitled to any relief. Plaintiff's complaint hinges upon the broad allegation that defendant engaged in "patterns of unlawful, unfair or fraudulent predatory real estate lending practices" (Br. ¶ 1). By directly cutting and pasting analysis from various legal and non-legal resources into his amended complaint, plaintiff's "verbose, confusing, and conclusory" complaint violates Rules 8 and 9 by failing to provide defendant "fair notice of what the claim is and the grounds upon which it rests." *See Nevijel v. N. Coast Life Ins.* Co., 651 F.2d 671, 673–74 (9th Cir. 1981); *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).

Furthermore, defendant contends that plaintiff's claims for fraud and unfair competition pursuant to Section 17500 are barred by the relevant statute of limitations periods. Although the first amended complaint does not specify when the alleged violations took place, the context is that the alleged violations took place at the time plaintiff obtained his loan. In his opposition, however, plaintiff does clarify that "[defendant] engaged in predatory lending practices in the origination of Plaintiff's Loan" (Dkt. No. 60 at 4). An "action for relief on the ground of fraud" has a three-year statute of limitations period. CAL. CIV. PRO. § 338(d). Plaintiff's Section 17500 claim for unfair business practices, however, is subject to a four-year statute of limitations. Cal. Bus. and Prof. Code § 17208. Plaintiff's loan was originated by Washington Mutual in March of 2005 (Dkt No. 56, Exh. A). Accordingly, any claim involving fraud was required to be filed no later than March of 2008, three years and nine months prior to the complaint's December 2011 filing. Because plaintiff has not provided any facts that support tolling the three-year limitation, plaintiff's claims involving fraud is time-barred. Plaintiff's Section 17500 claim should have been filed no later than March of 2009; consequently, it is also time-barred.

5

### B. Defendant Chase is not Liable for Claims Based on the Origination of the Loan.

Plaintiff's claims also fail because Chase did not assume any liability for borrower claims originating with Washington Mutual Bank prior to September 2008. On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as receiver. Chase then entered into a purchase-and-assumption agreement with the FDIC to assume certain assets of WaMu. That agreement included the following provision:

> **2.5** ***Borrower Claims.*** Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities *are specifically not assumed by the Assuming Bank* [Chase].

(*Id*. Exh. 3 (emphasis added)). Chase advances this provision now to argue that "[p]laintiff cannot state any liability claims against [Chase] relating to the origination of the loan," which plaintiff entered into with WaMu in 2005 (Br. 6–7).

Chase is correct. Clause 2.5 bars any liability on the loan arising from actions by WaMu preceding assumption by Chase. Any argument to the contrary is foreclosed by the agreement language repeated above. Furthermore, a successor-in-interest theory is not available to plaintiff because Chase is not the successor in interest to WaMu. Chase acquired its assets from the FDIC, not WaMu. *See also Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 59–60 (1st Cir. 2009). Because plaintiff's claims are based wholly on alleged wrongdoing by WaMu during loan origination, defendant's motion to dismiss on the basis that the purchase-and-assumption agreement precludes such liability is hereby **GRANTED**.

\*       \*       \*

This order notes that in addition to the foregoing claims for relief alleged, plaintiff references a number of statutes in the first amended complaint's "table of contents" and "points

and authorities." The alleged facts thereafter, however, do not provide any sort of reasonable basis to support such claims for relief. For example, various statutes listed in the "points and authorities" are not even mentioned in the body of the complaint, such as TILA and the Home Ownership Equity Protection Act. Other laws referenced, including Washington's securities statutes RCW 21.20.140 and RCW 21.20.010, have absolutely no bearing on this action. Consequently, plaintiff has not fulfilled the requisite level of pleading required to satisfy Rule 8. In light of plaintiff's failure to state a claim upon which relief can be granted, plaintiff fails to allege facts that establish a legal basis for granting injunctive relief which, contrary to plaintiff's argument, is a remedy, not a cause of action. Consequently, plaintiff's request for injunctive relief is **DENIED**.

Furthermore, the complaint references various provisions of the California Code of Civil Procedure, including Section 128.7, the basis for plaintiff's sanctions request. As defendant notes, Section 128.7 is a remedy under the California Code of Civil Procedure applicable to procedural matters in the state courts of California. It is not a remedy under Civil Rule 11, the procedural rule applicable in federal court. Accordingly, plaintiff's request for sanctions is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**. After careful consideration, the Court is convinced that the deficiencies cannot be cured. Accordingly, leave to amend is **DENIED**. Plaintiff should give consideration to protecting his rights to appeal. Judgment is hereby ordered.

**IT IS SO ORDERED.**

Dated: November 15, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE