United States District Court

For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6
7          FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   PETER S. BROOKS,                              No. C 12-00765 WHA
10             Plaintiff,
11        v.                                      **ORDER DENYING PLAINTIFF'S
                                                  MOTION TO RECONSIDER**
12   WASHINGTON MUTUAL BANK;
     JPMORGAN CHASE BANK, N.A.; and
13   DOES 1–200, inclusive,
14             Defendants.
15   _____/
16                           **INTRODUCTION**
17        Plaintiff seeks reconsideration of the final judgment entered in favor of defendants.  For
18   the following reasons, plaintiff's motion is **DENIED**.
19                            **STATEMENT**
20        Plaintiff Peter S. Brooks' amended complaint asserted that defendant JPMorgan Chase
21   Bank, N.A., engaged in predatory lending practices.  Plaintiff sought $857.5 million in damages,
22   a moratorium on all trustee sales in Sonoma Country, an injunction enjoining nonjudicial
23   foreclosure proceedings on the property, and sanctions against Chase's counsel for fraudulent
24   pleadings.  The complaint was dismissed without leave to amend.  The dismissal order found that
25   the complaint failed to state a cognizable claim and was time barred (Dkt. No. 69).  Judgment
26   was entered in favor of defendants and against plaintiff (Dkt. No. 70).  Plaintiff timely filed this
27   motion to reconsider the dismissal order and entry of judgment against him.  The time for
28   response has passed.  Although defendants did not file an opposition, plaintiff's motion is
     nonetheless without merit and is accordingly **DENIED**.

**United States District Court**
For the Northern District of California

1

**ANALYSIS**

2      Where a ruling has resulted in final judgment, a motion for reconsideration may be

3   construed either as a motion to alter or amend judgment pursuant to FRCP 59(e), or as a motion

4   for relief from judgment pursuant to FRCP 60(b). *School Dist. No. 1J Multnomah County v. AC*

5   *& S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  Plaintiff's instant motion is best analyzed under

6   FRCP 59(e) as he does not contend there are any grounds for relief under FRCP 60(b).[1]  FRCP

7   59(e) provides that a party may move to alter, amend or vacate judgment after entry of judgment.

8   Relief under FRCP 59(e), however, is an "extraordinary remedy, to be used sparingly in the

9   interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of*

10  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Relief is appropriate under FRCP 59(e) if any of the

11  following conditions are met:  (1) the district court is presented with newly-discovered evidence;

12  (2) there is an intervening change in controlling law; or (3) the district court committed clear

13  error or made a decision that was manifestly unjust. *Zimmerman v. City of Oakland*, 255 F.3d

14  734, 740 (9th Cir. 2001).

15      Plaintiff has identified no "unusual circumstances" justifying reconsideration.  Instead,

16  plaintiff reasserts the allegations contained in the complaint.  Because plaintiff is not now

17  asserting that there is newly-discovered evidence or an intervening change in controlling law,

18  this order assumes that plaintiff is arguing clear error.  In reviewing a district court's decision for

19  clear error, our court of appeals will find clear error only upon "a definite and firm conviction

20  that a mistake has been committed." *United States v. Ruiz–Gaxiola*, 623 F.3d 684, 693 (9th Cir.

21  2010).  If a court "got the law right" and "did not clearly err in its factual determinations," then

22  clear error was not committed — even if another reasonable judicial body "would have arrived at

23  a different result." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.

24  2011).

25

26      [1]  FRCP 60(b) provides for relief from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable
diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether
27  previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the
judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment
28  that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason
that justifies relief.

1     Plaintiff's instant motion does not clearly assert whether a legal or factual error occurred.

2  Rather plaintiff repeatedly asserts that pursuant to 11 U.S.C. 362(a), the automatic-stay provision

3  of the United States Bankruptcy Code, "[d]efendants are in contempt of court for bringing an

4  action in violation of the automatic stay" (Br. 8). This order assumes that plaintiff is arguing that

5  the dismissal order erred in its determination that the automatic stay provision is not applicable

6  in this action. Specifically, the dismissal order found that "the scope of the automatic stay is

7  limited to actions against the *debtor* which, in this case, is the plaintiff, not the defendant. As

8  plaintiff notes, 'plaintiff does not allege that he has filed for bankruptcy'" (Dkt. No. 69).

9     The dismissal order properly determined that plaintiff's arguments regarding 11 U.S.C.

10  362(a) were not (and still are not) viable. *First*, plaintiff has never alleged that he filed for

11  bankruptcy. Plaintiff is therefore not entitled to the protections under 11 U.S.C. 362(a) afforded

12  to "debtors." *Second*, even assuming *arguendo* that the automatic-stay provision is applicable,

13  plaintiff's argument fails. As held by our court of appeals, "the stay does not prevent a

14  plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from

15  protecting its interests against claims brought by the debtor." *Palmdale Hills Prop., LLC v.*

16  *Lehman Commercial Paper, Inc.*, 654 F.3d 868, 875 (9th Cir. 2011). So too here. Plaintiff,

17  regardless of his "debtor" status, can commence an action against defendants. Defendants then

18  have the right to protect their interests and defend against the claims brought against them.

19  *Third*, plaintiff's allegation that defendant Washington Mutual Bank is a "debtor," and therefore

20  cannot engage in litigation on account of 11 U.S.C. 362(a) is misplaced. Whether or not

21  defendant Washington Mutual is a "debtor" under the meaning of 11 U.S.C. 362(a) is not

22  relevant here. The purpose of the automatic stay provision is to provide a "debtor" relief to get

23  its affairs in order, not to tie the hands of a defendant so that it cannot litigate claims brought

24  against it. Based on the foregoing, the dismissal order's determination that 11 U.S.C. 362(a) is

25  not applicable is not clear error, or any error at all. Accordingly, plaintiff's motion for

26  reconsideration is **DENIED**.

27

28

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the above-stated reasons, plaintiff's motion for reconsideration is **DENIED**. The next stop for Mr. Brooks is the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: January 2, 2013.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4